CHITTENDEN,
January,
1839.

PHILIP WALKER *v.* WM. P. BRIGGS.

The record of a recognizance is, at least, conclusive between the parties; and whether, in a suit between a recognizor and a stranger, certain parol evidence, if admissible, is sufficient to rebut the presumption that the recognizance was entered up by the consent of the recognizor, is a question of fact, and cannot be made the ground of error.

THIS was an action of trespass on the case, for inserting the plaintiff's name in a certain recognizance, without the knowledge or consent of the plaintiff, by which plaintiff had been compelled to pay fifty dollars and costs. Plea, general issue, and trial by the court.

On the trial in the county court, the plaintiff proved that the name of Philip Walker, in the recognizance, was in the hand writing of the defendant, that the plaintiff had been sued on the recognizance, and a judgment rendered thereon, which he had paid. Plaintiff also proved by the clerk, Mr. Haswell, that the witness was in the habit of signing blanks, and had signed blanks for the defendant, that he had *no knowledge nor recollection* of plaintiff coming before him to be recognized.

Upon this evidence, the defendant contended that the plaintiff was not entitled to recover, and the county court so decided, and rendered judgment for the defendant, to which the plaintiff excepted.

*C. Adams,* for plaintiff.

Defendant, *pro se.*

The opinion of the court was delivered by

BENNETT, J.—It is difficult to see what question of law is reserved in this case for the supervision of this court. It is undoubtedly true, that a record of a recognizance, at least, between the parties, is not to be controlled or impeached by parol testimony. The plaintiff in this case, the party recognized, was, by the court below, permitted, under objections of the defendant, to attempt to defeat the effect of the recognizance and control it by parol evidence; and of this decision the plaintiff cannot complain.

Whether the evidence if admissible—and that is a question not now before us—was sufficient to rebut the presumption that the recognizance was entered up by the consent of the recognizor, was a question of fact to be settled by the triers, and cannot be made the ground of error. The bill of exceptions states, that upon the evidence the de-

fendant contended that the plaintiff was not entitled to recover, and the county court so decided and rendered judgment for the defendant. When a question of fact is, by consent of parties, put to the court for trial, their finding is equally conclusive upon the parties as the finding of a jury, and can no more be made the ground of error. The judgment below is therefore affirmed.